IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TANYER VAKILI,

Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.
_____________________________________/

No. C 15-4894 CRB

**ORDER DISMISSING CASE WITH PREJUDICE**

Plaintiff Tanyer Vakili has failed to prosecute this case. All of his claims, for that matter, are meritless. For both reasons, the Court DISMISSES his claims with prejudice.

## I. FAILURE TO PROSECUTE

On October 23, 2015, Vakili filed a Complaint against Defendants alleging a "delay in immigration case # [sic]" and "requesting a review in [his] time limitation to apply for naturalization." Compl. at 2. He applied to proceed in forma pauperis ("IFP"). See First IFP Appl. (dkt. 2). On November 13, 2015, Magistrate Judge Westmore denied his IFP application due to incompleteness and invited Vakili to amend by December 16, 2015. See Order Denying First IFP Appl. (dkt. 4).

Vakili failed to amend the application or pay the filing fee on time. See Report & Recommendation (dkt. 7) ("R&R") at 1. He also did not respond to the Court Clerk's two notices—dated December 29, 2015, and January 19, 2016—to consent to or decline

magistrate jurisdiction. Id.; see First Jurisdiction Notice (dkt. 5); Second Jurisdiction Notice (dkt. 6). Magistrate Judge Westmore recommended dismissal of the case without prejudice "for failure to pay the filing fee," and reassigned it to a district judge "because Plaintiff has not consented to magistrate judge jurisdiction." R&R at 1. The case was then reassigned to this Court. Order Reassigning Case (dkt. 8).

On March 4, 2016, the Court adopted magistrate court recommendations and dismissed the case without prejudice "for failure to pay filing fees" and allowed for amendment within 30 days. Order Dismissing Case (dkt. 9). On April 12, 2016, the Court ordered Vakili to "pay any outstanding filing fees or submit a complete [IFP] application within 30 days," lest his case be dismissed with prejudice. Order Setting Payment Deadline (dkt. 10). Vakili reapplied to proceed IFP on May 13, 2016, Second IFP Appl. (dkt. 12), and the Court granted the application. Order Regarding Second IFP Appl. (dkt. 13).

On August 26, 2016, Defendants moved to dismiss for lack of jurisdiction, MTD at 1, and – when Vakili failed to oppose – asked the Court to dismiss the case with prejudice. Def. Notice (dkt. 29); see Civil L.R. 7-4(b); Fed. R. Civ. P. 5(b)(2)(C). On October 14, 2016, the Court ordered Vakili to "show cause [within seven days] why this case should not be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute." Order to Show Cause (dkt. 32) ("OSC"). On October 26, 2016 – after the deadline had passed – Vakili moved to continue and asked for the opportunity to retrieve potential evidence from Los Angeles and "attend one last case management conference no sooner than [November] 9." Mot. to Continue (dkt. 34) ("MTC"). Vakili alleged that those documents included "written mistakes of USCIS in [his] hearing of deporting case [sic]." Id.

Vakili also explained that he has spent the last two years primarily in Iran and Turkey, with short visits to the United States to maintain his permanent residency, to settle an inheritance matter and "[d]ue to depression and financial burden that USCIS caused on [his] emotional and physical well being [sic]." Resp. to OSC (dkt. 35) at 2. Though he was unable to "follow the case . . . and show up to hearings" because of his travels, Vakili had since moved back to California and said he would be "able to follow up and attend any future

court date." Id. He wanted the "chance to defand [sic] [his] case and apply for . . . citizenship," and reform the "broken Immigration System [sic] in this country." Id. at 4.

The Court set a hearing on Defendants' motion to dismiss for 10:00am on November 18, 2016. See Clerk's Notice (dkt. 36). But when the Court adjourned at 11:45am, Vakili had yet to appear. See Case Mgmt. Conf. (dkt. 42) at 1. Enough is enough. The case is DISMISSED with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b).

## II. MERITLESS CLAIMS

What is more, Vakili has put the Court and the government through the ringer in pursuit of meritless claims. So, in the alternative, the Court DISMISSES all claims with prejudice on their own terms. It does so without oral argument under Local Rule 7-1(b).

### A. Claim Regarding Non-Existent Naturalization Application

Vakili sued due to an alleged "delay in immigration case [sic]" and requested "a review in [his] time limitation to apply for naturalization." Compl. (dkt. 1) at 2. That will not work. To seek naturalization as a U.S. citizen, a person must be a permanent resident for at least five years or, if married to a U.S. citizen, at least three years. 8 U.S.C. §§ 1427(a); 1430(a). The naturalization application may be filed "up to 3 months before the date the applicant would first otherwise meet . . . [the] residence requirement." Id. § 1445(a). But because Vakili only became a permanent resident on December 19, 2014, he may not apply for naturalization until September 19, 2019 – or September 19, 2017, if he is married to a U.S. citizen. See 8 U.S.C. §§ 1427(a), 1430(a), 1445(a); Frigge Decl. ¶¶ 5–6.

"No alien has the slightest right to naturalization unless all statutory requirements are" met. Rogers v. Bellei, 401 U.S. 815, 830 (1971) (citation omitted). The Court does not have subject matter jurisdiction to review a naturalization application that does not exist. See 8 U.S.C. § 1421(c) (requiring an applicant to exhaust administrative remedies before seeking judicial review); Frigge Decl. ¶ 3 (noting that Vakili has not filed an application for naturalization). It also cannot amend the statute. See U.S. Const. art. I sec. 1 ("All legislative powers herein granted shall be vested in a Congress . . . ."). The Court therefore DISMISSES this claim with prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject

matter jurisdiction or, in the alternative, under Rule 12(b)(6) for failure to state a claim. And because amendment would be futile, dismissal with prejudice is proper. See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013).

**B. (Possible) Claim Regarding FOIA Requests**

In his response to the Court's order to show cause – but not in his complaint – Vakili appears to allege that USCIS made a mistake in processing his "FOIA request." Resp. to OSC at 2-3. But according to a Deputy Associate Center Director in the FOIA Unit of the USCIS National Records Center, USCIS "responded . . . in full" to Vakili's first FOIA request filed in 2010. Welsh Decl. (dkt. 38-1) ¶¶ 1–3. Once USCIS made its decision,[1] "[n]o administrative appeal was pursued [within the allotted 60 days], and this request was closed." Id. ¶ 3; Welsh Decl. Ex. 1 (dkt. 38-1) at 5. Likewise, USCIS "responded . . . in full" to Vakili's second FOIA request, filed on May 25, 2012. Id. ¶ 4. Following the agency response,[2] "[n]o administrative appeal was pursued [within the allotted 60 days], and this request was closed." Id.; Welsh Decl. Ex. 2 (dkt. 38-2) at 8. According to the Director, Vakili did not file any other FOIA requests with USCIS, and "no FOIA requests for his records are [currently] pending." Id. ¶ 5.

"Exhaustion of a parties' [sic] administrative remedies is required under the FOIA before that party can seek judicial review." Id. at 465 (citations omitted). Because Vakili made "no attempt to comply fully with agency procedures," the Court lacks subject matter jurisdiction to review his claim. In re Steele, 799 F.2d 461, 466 (9th Cir. 1986) (citation omitted). This claim is therefore DISMISSED with prejudice under Fed. R. Civ. P. 12(b)(1).

**C. (Possible) Claim Regarding Removal Proceedings**

Finally, Vakili asserts in his motion to continue that USCIS made unspecified "written mistakes" in "[his] hearing of deporting case [sic]." MTC at 1. To the extent he raises them as a separate claims here, Vakili already complained about alleged problems with his

---

[1] In response to Vakili's first, 2010 FOIA request, "USCIS released 207 pages in full and 49 in part, withheld 18 pages in full, and referred 12 pages to other agencies." Id. ¶ 3.

[2] In response to Vakili's second, 2012 FOIA request, "USCIS released 254 pages in full and 46 in part, withheld 15 pages in full, and referred 94 pages to other agencies." Id. ¶ 4.

removal proceedings in a separate suit long before raising the issue here. See id.; Vakili v. Dep't of Homeland Sec., No. 15-4903 (N.D. Cal. Feb. 2, 2016). In that suit Vakili alleged, among other things, that the DHS officer who interviewed him regarding a reinstatement of his student visa "hardly [spoke] English"; that he "was wrongly detained by ICE" on December 28, 2010; and that approval of his case took seven years. Compl. (No. 15-4903; dkt. 1) at 2. The court dismissed the action for failure to state a claim on February 2, 2016. Order Dismissing Case (No. 15-4903; dkt. 9). Vakili never amended his complaint despite the opportunity to do so.[3]

Vakili does not get a second bite at the apple. To the extent he brings claims related to his removal proceedings, they are DISMISSED with prejudice under the first-to-file rule because a case "involving the same parties and issues has already been filed" in another court. See Alltrade, Inc. v. Uniweld Prods. Inc., 946 F.2d 622, 625 (9th Cir. 1991).

## III. CONCLUSION

For the foregoing reasons, the case is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: November 21, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

[3] A third suit, Vakili v. U.S. Agency Homeland Sec., No. 12-CV-11041 (C.D. Cal. June 24, 2013), was also dismissed for lack of prosecution.